Case No. 3 for argument today is United States v. Brooks. Mr. Fink. Good morning, Your Honors. May it please the Court. Andrew Fink on behalf of Ricky Brooks. This is a fairly limited issue and it's been thoroughly briefed, so I'd like to just focus on one point in particular. Eight chances. Eight chances is what the Court focused on in this case in discussing the criminal history of Mr. Brooks. That simply just wasn't accurate based on the Court's own logic. The Court had indicated that it would not consider the more recent marijuana convictions which would no longer be illegal under Illinois law. And so the only relevant convictions as far as his criminal history were concerned were his 1994 murder, which was over 27 years beforehand at the time of sentencing, and the 2007 conviction for cocaine distribution that occurred in 2006. But, you know, the District Court was well aware that the murder conviction represented you know, conduct from a long time ago, but on the other hand, the District Court said there actually isn't anything worse than this, so maybe it diminishes in importance because of time, but it increases in importance because of the nature of such a conviction. So isn't that a discretionary District Court prerogative to balance those things? I agree. The amount of weight that the District Court put on that murder in particular, that is within the Court's discretion and on appeal. The Court gives great deference to that. I think the issue here is that the Court appeared to say one thing, and that it was disregarding these other convictions, while on the other hand, taking them into account when he's considering the previous path that this defendant had walked. And I think that's the thing that's unsettling. It doesn't rise to the level of procedural error here. But I think that because it comes so close, that it is, it highlights and... How did the Court rely on the marijuana convictions? You're saying something a little different now than I understand your briefing to be. The Court, they were certainly part of his criminal history, and you didn't object to the guideline calculation, but in sentencing him and in looking at his dangerousness to the community, etc., in focusing on his criminal history, the Court didn't mention or focus on the marijuana convictions. I think that because in the guidelines calculations, the marijuana convictions wouldn't have affected the guidelines calculations under those circumstances. It's the fact that the Court seemed to focus on it in its discussion of the murder, but in discussing that... How, where did the Court improperly focus on the marijuana convictions? Again, I hear you saying something different than you were saying before. My understanding is that it's at the specific site, it's on, it's a sentencing transcript on page 36-37. And it's when he's discussing the murder, but he says that the person doesn't get a second chance. Right. Here's where he says half a dozen. Prior criminal convictions, more than half a dozen. Violation of parole, and so on, multiple chances, but then he goes right back to his prior history includes a murder charge, most serious offense. I thought your primary argument was the disparity among co-defendants, which is a tough one to do. He's aware of what he's doing with the co-defendants, but it sounds like you're not stressing that one. I thought that was your primary argument as well. That is our primary argument. So, that's why you threw me off a little bit. That is our primary argument, and we're not changing it here. I just wanted to highlight it because I think that this is an indication of the fact that Mr. Brooks's background adequately compared to the other defendants. Here he's saying that he's had eight chances before, and he hasn't taken this, and that indicates that he's going to. I think it was the section that I'm referring to was a little further down on the page, Your Honor. Okay. All right. And it's when he says that that person doesn't get a second chance or a third chance or a fourth chance or a ninth chance, and this defendant has had eight chances and has been resistant in the extreme to changing his life. But there's nothing legally wrong with that statement. I mean, he does say at one point he's not going to attach much weight to the marijuana because it's now legal in Illinois, at least from the point of view of the state of Illinois. I might add that it's not fully legal given that we have federal law too, but be that as it may, I mean, he's not making an incorrect statement of law. Correct. I think it's just an inconsistent statement that's problematic here, and it shows that in this case, we think he unreasonably placed a weight on this idea that the defendant was, had this extensive criminal history that set him apart from the other defendants. What if it was just speeding offenses though? I mean, if you get a ticket, you know, for going 85 miles an hour down the Stevenson Expressway, and then you get another one the next year and another one the next year and You could be criticized for failing to conform your driving conduct to the requirements of the law. I mean, most people probably don't think speeding is the most morally culpable thing to do, but it's not okay. I take Your Honor's point. I think that's where it comes in, when you look at the histories of his other defendants, and this, although they didn't necessarily trigger a higher criminal history category, showed a similar disregard, consistent disregard for the law. And that didn't appear to factor in their sentence at all. The one I'm thinking of is Tyrone Hunter, who had 15 convictions, some of which were violent, involved the possession of firearms. He was a Category 3, however, because the career offender didn't apply. And there were 36 other occasions during his lifetime which he was arrested for violent, for offenses, some of them including violent offenses. But Hunter wasn't in Category 6, right? No, he was Category 3. And that's the idea here, is that if what the court is identifying is something that's not necessarily reflected in the guidelines or in the criminal history portion of the guidelines, but is this constant disregard for the law, there's another similarly situated defendant who exhibited those traits. He got 97 months. And we can't really square that. We don't quite understand why, and it's not in the record, why that disparity existed. But there's no legal, A, there's no legal requirement that the court match perfectly the level of culpability among co-defendants and have sentences that reflect that. And secondly, there is a rule that says the disparity criterion in 3553 actually has a national reference. And so if you are sentencing with regard to the guidelines, you probably have already done a lot to assure there's no unwarranted disparity. The Supreme Court in Gaul said that a sentence within or below the guidelines necessarily takes adequate account of other sentences. Since Gaul, have we ever said that a below guideline sentence flunks on account of disparity? I'm not aware of a case, Your Honor. No, it would be inconsistent with Gaul. So what's left here? Well, I think that that's the problem here, is that the court specifically said that it was not taking the guidelines into account. So it can't crib those, or it can't enfold those. But this was a below guideline sentence. It was. Right? And Gaul said that under those circumstances, disparities have necessarily been accounted for. Now, if the prosecutor were appealing and saying this sentence is too low in relation to the guidelines and other sentences, it wouldn't have the protection of Gaul. But it seems hard for a defendant whose sentence is below the guidelines, when we know that a within guideline sentence would satisfy the statute, to say that somehow it's too high. I understand that, Your Honor. I think that the issue is that the defendants can still rely on disparities between other co-defendants. Not according to Gaul. Do you want us to disregard the Supreme Court's statement? No, no. I think what we're asking is that when you're talking about the judge's reasoning on the 3553 factors, if they explicitly disregard the sentencing guidelines, then Gaul's— But how did the court disregard the guidelines? The court specifically said it had properly calculated the guidelines and considered them. But the 3553 factors are driving the sentence, which is exactly what we want courts to do, to accurately calculate the guidelines and then look at 3553A and go from there. I understand. I think that the idea is that where we believe that they departed from it when they said  So the guidelines did not factor in—or the guidelines calculations specifically did not factor into the sentence the judge would give under 3553. Okay. If there's no further questions, I'll reserve my time. Ms. Morgan. Good morning, and may it please the court. My name is Alex Morgan, and I'm here on behalf of the United States. The district court did not abuse its discretion in imposing a below-guideline sentence of 140 months, and it didn't create any unwarranted sentencing disparities here. The differences between the defendant's sentence and his co-defendant's sentence were not disparities, let alone unwarranted disparities. And that is what section 3553A says— they were different. Well, I think the case law talks about disparities as existing between defendants with similar records who have been found guilty of similar conduct, and I don't think that the defendant here is on similar footing in terms of his record as to the other defendants. So I think the problem that's being put in front of us is it flows from the following. Number one, of course, under Gaul, you have to start with an accurate guidelines calculation. Nobody has an issue with that. Not the defense, not you, nobody. Secondly, we know from the Supreme Court's decisions that a district court judge is not duty-bound to give a sentence inside the guidelines. That was the point of Booker, after all. The Supreme Court has said that if a district court has a different philosophy, you know, crack and powder, if a different philosophy on where you should be on a particular type of sentence, the district court anchoring these things to the factors in 3553 is entitled to implement that policy. And so the point of contention, it seems to me, is if the district court then announces to one and all in the courtroom, I'm not going to rely on factor X, but then turns around and relies on factor X, it makes it difficult for the defense to respond to it. Or for that matter, factor X is something that helps the government. It makes it difficult for the government to respond to that factor. And I think that's what they're saying happened. That they weren't, that he first says, I'm not going to rely on the marijuana convictions, but then he turns around and relies on them. So you sort of think, well, what is it? Have we actually had the chance to address the district court's concerns as the district court listened to our response to these concerns? I don't think the district court said point blank it was not considering the convictions at all. I think it noted that it was mitigating because those convictions were for marijuana and were potentially expungable. The district court was entitled to look at the defendant's criminal history as a whole under 3553A, and that's what it did here. And if it had never opened its mouth and said, I'm not going to think about, I'm going to just disregard the marijuana, I don't think we'd even be here, frankly, because of the fact that district courts are entitled to, but do not have an obligation to think of disparities among co-defendants. The big disparity point is mandatory that the co-defendant, we've said, if you want to take that into account, that falls within your broader discretion, but you certainly don't have to. Yes, Your Honor, and I don't think that the district court's statements on the marijuana convictions were necessarily inconsistent. So the district court may have viewed the circumstances and the nature of those convictions as something that made them less, not aggravating, but the fact that the defendant had multiple convictions and multiple contacts with law enforcement without changing course is something that the district court appropriately considered as aggravating. It seemed that the district court's statements about the marijuana convictions were really, you've had all these interactions and convictions, which I'm going to say are mitigating now, but it hasn't deterred you from going back and engaging in additional criminal conduct. Is that a fair characterization? I think that is a fair characterization. I think the district court was looking at the defendant's criminal history as a whole, the fact that there were multiple convictions over a number of years and that the defendant continued to commit crimes, and that in the district court's review, view was aggravating. Essentially, what the defendant's argument boils down to is a disagreement with how the district court looked at his criminal history, but the district court isn't obligated to accept the view that the defendant's offering of his criminal history and instead enjoys wide discretion in the weight that it gives to the 3553A factors. The defendant was not similarly situated here as his co-defendants. He was in the highest criminal history category with a criminal history category of six. He was the only one with a murder conviction, and the district court took those things into account. A below or within guideline sentence necessarily complies with 3553A-6's requirement that the court consider the need to avoid unwarranted disparities, and the district court did not abuse its discretion nor create any disparities when it imposed a below guideline sentence that appropriately accounted for the defendant's criminal history and relative culpability. If there are no further questions, the government asks that this court affirm the defendant's sentence. Thank you, counsel. Anything further, Mr. Pink? I just want to address one point, and that's the government said that essentially our argument boils down to a disagreement with the fact that the way that the court weighed the defendant's criminal history here, and that's not entirely accurate. What we're really contesting is the way that he applied the defendant's criminal history here versus the way that he applied the criminal history of other defendants, and the reasons why he applied it here were the significance of the murder conviction, but it was also this continued reluctance upon the behalf of the defendant to conform his behavior, and similar defendants did the same thing and received very different sentences, and that is essentially what our argument boils down to here. Thank you. Mm-hmm. Thank you very much. Mr. Pink, the court appreciates your willingness to accept the appointment in this case. Thank you. The case is taken under advisement.